**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PROTECT THE PUBLIC'S TRUST           )
712 H Street, N.E.                                   )
Suite 1682                                            )
Washington, D.C. 20002,                      )
                                                              )
                        Plaintiff,                       )
                                                              )
v.                                                            )          Civil Case No. 1:24-cv-02442
                                                              )
U.S. DEPARTMENT OF                           )
THE TREASURY                                     )
1500 Pennsylvania Ave., N.W.             )
Washington, D.C. 20220,                      )
                                                              )
                        Defendant.                    )
_____ )

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of the Treasury ("Treasury") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel Treasury's compliance with the FOIA's requirements.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to

1

be the best of disinfectants, electric light the most efficient policemen," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT. (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5.   Defendant Treasury is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

### I.   Overview of PPT's FOIA Requests to TREAS

6.   On August 11, 2023, PPT submitted fourteen FOIA requests to Treasury.  These requests were initially assigned case numbers 2023-FOIA-00660 through 2023-FOIA-00673 by Treasury.

7.   At issue in this litigation are the first five of these requests: 2023-FOIA-00660 through 2023-FOIA-00664.  After their submission, Treasury amalgamated these five requests into a single combined request and reassigned the case number 2023-FOIA-00660 to it.  Since combining the requests and confirming it would search for responsive records in December 2023, Treasury has gone silent and failed to provide either a response to the request or any further updates about its status.

### II.   PPT's FOIA Requests to Treasury on August 11, 2023

*The First Request: 2023-FOIA-00660*

8.   PPT's first request (attached as Exhibit A) sought the following records:

1. From January 20, 2023, through the date this request is processed, records of communications between Assistant Secretary for Tax Policy, Lily Batchelder, and employees at the following nongovernmental organizations (NGO's):

NGO's:

I. Brookings Institution, @brookings.edu
II. Care About Climate, @careaboutclimate.org
III. Center for American Progress, @americanprogress.org
IV. Center for Biological Diversity, @biologicaldiversity.org
V. Center for Budget and Policy Priorities, @cbpp.org
VI. Center for International Environmental Law, @ciel.org
VII. Climate Advisers, @climateadvisers.org
VIII. Climate Nexus, @climatenexus.org
IX. Climate Reality Project, @climatereality.com
X. Coalition for Sensible Safeguards, @goodregs.org
XI. Conservation International, @Conservation.org
XII. Defenders of Wildlife, @defenders.org
XIII. Earthjustice, @Earthjustice.org
XIV. Earthworks, @earthworksanction.org
XV. Environmental Defense Fund, @edf.org
XVI. Friends of the Earth, @foe.org
XVII. Natural Resources Defense Council, @nrdc.org
XVIII. New America, @newamerica.org
XIX. Public Citizen, @citizen.org
XX. RMI, @rmi.org
XXI. Sierra Club, @sierraclub.org
XXII. The Business Council for Sustainable Energy, @bcse.org
XXIII. The Climate Group, @theclimategroup.org
XXIV. The People's Justice Council, @thepeoplesjusticecouncil.org
XXV. Third Generation Environmentalism, @E3G.org
XXVI. Union of Concerned Scientists, @ucsusa.org
XXVII. United Nations Foundation, @unfoundation.org
XXVIII. US Climate Action Network, @usclimatenetwork.org
XXIX. We Mean Business Coalition, @wemeanbuisnesscoalition.org
XXX. Western Organization of Resource Councils, @worc.org
XXXI. World Resources Institute, @wri.org

9. Release of these records is in the public interest because it will contribute to the public's understanding of the operations at Treasury.

10. On August 11, 2023, Treasury sent PPT an email stating that the request had been

received and assigning it the case number 2023-FOIA-00660.  Treasury also sent an

email stating that the request's status had been updated to "Received."

*The Second Request: 2023-FOIA-00661*

11. PPT's second request (attached as Exhibit B) sought the following records:

1. From January 1, 2023, through the date this request is processed, records of
communications between Laurel Blatchford and employees at the following
nongovernmental organizations (NGO's):

NGO's:

I. Brookings Institution, @brookings.edu
II. Care About Climate, @careaboutclimate.org
III. Center for American Progress, @americanprogress.org
IV. Center for Biological Diversity, @biologicaldiversity.org
V. Center for Budget and Policy Priorities, @cbpp.org
VI. Center for International Environmental Law, @ciel.org
VII. Climate Advisers, @climateadvisers.org
VIII. Climate Nexus, @climatenexus.org
IX. Climate Reality Project, @climatereality.com
X. Coalition for Sensible Safeguards, @goodregs.org
XI. Conservation International, @Conservation.org
XII. Defenders of Wildlife, @defenders.org
XIII. Earthjustice, @Earthjustice.org
XIV. Earthworks, @earthworksanction.org
XV. Environmental Defense Fund, @edf.org
XVI. Friends of the Earth, @foe.org
XVII. Natural Resources Defense Council, @nrdc.org
XVIII. New America, @newamerica.org
XIX. Public Citizen, @citizen.org
XX. RMI, @rmi.org
XXI. Sierra Club, @sierraclub.org
XXII. The Business Council for Sustainable Energy, @bcse.org
XXIII. The Climate Group, @theclimategroup.org
XXIV. The People's Justice Council, @thepeoplesjusticecouncil.org
XXV. Third Generation Environmentalism, @E3G.org
XXVI. Union of Concerned Scientists, @ucsusa.org
XXVII. United Nations Foundation, @unfoundation.org
XXVIII. US Climate Action Network, @usclimatenetwork.org
XXIX. We Mean Business Coalition, @wemeanbuisnesscoalition.org
XXX. Western Organization of Resource Councils, @worc.org

4

XXXI. World Resources Institute, @wri.org

12. Release of these records is in the public interest because it will contribute to the public's understanding of the operations at Treasury.

13. On August 11, 2023, Treasury sent PPT an email stating that the request had been received and assigning it the case number 2023-FOIA-00661.  Treasury also sent an email stating that the request's status had been updated to "Received."

*The Third Request: 2023-FOIA-00662*

14. PPT's third request (attached as Exhibit C) sought the following records:

1. From March 15, 2021, through December 31, 2022, records of communications between Natasha Sarin and employees at the following non-governmental organizations (NGO's):

NGO's:

I. Brookings Institution, @brookings.edu
II. Care About Climate, @careaboutclimate.org
III. Center for American Progress, @americanprogress.org
IV. Center for Biological Diversity, @biologicaldiversity.org
V. Center for Budget and Policy Priorities, @cbpp.org
VI. Center for International Environmental Law, @ciel.org
VII. Climate Advisers, @climateadvisers.org
VIII. Climate Nexus, @climatenexus.org
IX. Climate Reality Project, @climatereality.com
X. Coalition for Sensible Safeguards, @goodregs.org
XI. Conservation International, @Conservation.org
XII. Defenders of Wildlife, @defenders.org
XIII. Earthjustice, @Earthjustice.org
XIV. Earthworks, @earthworksanction.org
XV. Environmental Defense Fund, @edf.org
XVI. Friends of the Earth, @foe.org
XVII. Natural Resources Defense Council, @nrdc.org
XVIII. New America, @newamerica.org
XIX. Public Citizen, @citizen.org
XX. RMI, @rmi.org
XXI. Sierra Club, @sierraclub.org
XXII. The Business Council for Sustainable Energy, @bcse.org
XXIII. The Climate Group, @theclimategroup.org
XXIV. The People's Justice Council, @thepeoplesjusticecouncil.org

      XXV. Third Generation Environmentalism, @E3G.org
      XXVI. Union of Concerned Scientists, @ucsusa.org
      XXVII. United Nations Foundation, @unfoundation.org
      XXVIII. US Climate Action Network, @usclimatenetwork.org
      XXIX. We Mean Business Coalition, @wemeanbuisnesscoalition.org
      XXX. Western Organization of Resource Councils, @worc.org
      XXXI. World Resources Institute, @wri.org

15. Release of these records is in the public interest because it will contribute to the public's understanding of the operations at Treasury.

16. On August 11, 2023, Treasury sent PPT an email stating that the request had been received and assigning it the case number 2023-FOIA-00662. Treasury also sent an email stating that the request's status had been updated to "Received."

*The Fourth Request: 2023-FOIA-00663*

17. PPT's fourth request (attached as Exhibit D) sought the following records:

    1. From March 26, 2021, through the date this request is processed, records of communications between Deputy Secretary, Adewale (Wally) Adeyemo, and employees at the following non-governmental organizations (NGO's):

    NGO's:

    I. Brookings Institution, @brookings.edu
    II. Care About Climate, @careaboutclimate.org
    III. Center for American Progress, @americanprogress.org
    IV. Center for Biological Diversity, @biologicaldiversity.org
    V. Center for Budget and Policy Priorities, @cbpp.org
    VI. Center for International Environmental Law, @ciel.org
    VII. Climate Advisers, @climateadvisers.org
    VIII. Climate Nexus, @climatenexus.org
    IX. Climate Reality Project, @climatereality.com
    X. Coalition for Sensible Safeguards, @goodregs.org
    XI. Conservation International, @Conservation.org
    XII. Defenders of Wildlife, @defenders.org
    XIII. Earthjustice, @Earthjustice.org
    XIV. Earthworks, @earthworksanction.org
    XV. Environmental Defense Fund, @edf.org
    XVI. Friends of the Earth, @foe.org
    XVII. Natural Resources Defense Council, @nrdc.org
    XVIII. New America, @newamerica.org

XIX. Public Citizen, @citizen.org
XX. RMI, @rmi.org
XXI. Sierra Club, @sierraclub.org
XXII. The Business Council for Sustainable Energy, @bcse.org
XXIII. The Climate Group, @theclimategroup.org
XXIV. The People's Justice Council, @thepeoplesjusticecouncil.org
XXV. Third Generation Environmentalism, @E3G.org
XXVI. Union of Concerned Scientists, @ucsusa.org
XXVII. United Nations Foundation, @unfoundation.org
XXVIII. US Climate Action Network, @usclimatenetwork.org
XXIX. We Mean Business Coalition, @wemeanbuisnesscoalition.org
XXX. Western Organization of Resource Councils, @worc.org
XXXI. World Resources Institute, @wri.org

18. Release of these records is in the public interest because it will contribute to the public's

understanding of the operations at Treasury.

19. On August 11, 2023, Treasury sent PPT an email stating that the request had been

received and assigning it the case number 2023-FOIA-00663.  Treasury also sent an

email stating that the request's status had been updated to "Received."

*The Fifth Request: 2023-FOIA-00664*

20. PPT's fifth request (attached as Exhibit E) sought the following records:

1. From January 20, 2021, through the date this request is processed, records
of communications between Counselor to the Secretary, Jacob Leibenluft, and
employees at the following non-governmental organizations (NGO's):

NGO's:

I. Brookings Institution, @brookings.edu
II. Care About Climate, @careaboutclimate.org
III. Center for American Progress, @americanprogress.org
IV. Center for Biological Diversity, @biologicaldiversity.org
V. Center for Budget and Policy Priorities, @cbpp.org
VI. Center for International Environmental Law, @ciel.org
VII. Climate Advisers, @climateadvisers.org
VIII. Climate Nexus, @climatenexus.org
IX. Climate Reality Project, @climatereality.com
X. Coalition for Sensible Safeguards, @goodregs.org
XI. Conservation International, @Conservation.org
XII. Defenders of Wildlife, @defenders.org

7

XIII. Earthjustice, @Earthjustice.org
XIV. Earthworks, @earthworksanction.org
XV. Environmental Defense Fund, @edf.org
XVI. Friends of the Earth, @foe.org
XVII. Natural Resources Defense Council, @nrdc.org
XVIII. New America, @newamerica.org
XIX. Public Citizen, @citizen.org
XX. RMI, @rmi.org
XXI. Sierra Club, @sierraclub.org
XXII. The Business Council for Sustainable Energy, @bcse.org
XXIII. The Climate Group, @theclimategroup.org
XXIV. The People's Justice Council, @thepeoplesjusticecouncil.org
XXV. Third Generation Environmentalism, @E3G.org
XXVI. Union of Concerned Scientists, @ucsusa.org
XXVII. United Nations Foundation, @unfoundation.org
XXVIII. US Climate Action Network, @usclimatenetwork.org
XXIX. We Mean Business Coalition, @wemeanbuisnesscoalition.org
XXX. Western Organization of Resource Councils, @worc.org
XXXI. World Resources Institute, @wri.org

21. Release of these records is in the public interest because it will contribute to the public's understanding of the operations at Treasury.

22. On August 11, 2023, Treasury sent PPT an email stating that the request had been received and assigning it the case number 2023-FOIA-00664.  Treasury also sent an email stating that the request's status had been updated to "Received."

### III.     Treasury Requests More Specificity from PPT

23. On August 17, 2023, Treasury sent PPT an email with the subject line "NMI Email 2023-FOIA-00660," stating that it required "additional information from [PPT] before [it could] begin processing [its] request."  Attached to the email was a letter.  The letter stated that Treasury was requesting more information from PPT for all fourteen FOIA requests it had submitted on August 11, 2023, because Treasury considered it "unclear what specific records [PPT sought] from Department of the Treasury" (emphasis in the original).  The

8

letter asked PPT to "provide additional information about the specific records" it was seeking, such as "by identifying a subject matter or topic of interest."

24. The letter did not refer to the particular terms of any of PPT's requests and did not explain how any of the requests insufficiently described the records sought.

25. On September 6, 2023, PPT responded, stating in part: "Your letter states it's unclear on what specific records we seek. We seek communications with the named individuals in the stated time frame. We do not have a subject matter, nor do we need one. The agency should be able to pull all the communications we're requesting with the parameters provided."

26. On September 15, 2023, Treasury sent PPT another email stating that it needed additional information before it could begin processing PPT's requests.  Attached to the email was a letter stating that Treasury had aggregated PPT's first five requests—the requests at issue in this litigation: 2023-FOIA-00660 through 2023-FOIA-00664—into a single request under the case number 2023-FOIA-00660 (the "Combined Request").  Treasury combined the search terms of the five individual requests together in the Combined Request as follows:

> 1. From January 20, 2021, through the date this request is processed, records of communications between Assistant Secretary for Tax Policy, Lily Batchelder, Laurel Blatchford, Natasha Sarin, Deputy Secretary, Adewale (Wally) Adeyemo, and Counselor to the Secretary, Jacob Leibenluft and employees at the following non-governmental organizations (NGO's):
>
> NGO's:
>
> I. Brookings Institution, @brookings.edu
> II. Care About Climate, @careaboutclimate.org
> III. Center for American Progress, @americanprogress.org
> IV. Center for Biological Diversity, @biologicaldiversity.org
> V. Center for Budget and Policy Priorities, @cbpp.org
> VI. Center for International Environmental Law,@ciel.org
> VII. Climate Advisers, @climateadvisers.org
> VIII. Climate Nexus, @climatenexus.org

9

IX. Climate Reality Project, @climatereality.com
X. Coalition for Sensible Safeguards, @goodregs.org
XI. Conservation International, @Conservation.org
XII. Defenders of Wildlife, @defenders.org
XIII. Earthjustice, @Earthjustice.org
XIV. Earthworks, @earthworksanction.org
XV. Environmental Defense Fund, @edf.org
XVI. Friends of the Earth, @foe.org
XVII. Natural Resources Defense Council, @nrdc.org
XVIII. New America, @newamerica.org
XIX. Public Citizen, @citizen.org
XX. RMI, @rmi.org
XXI. Sierra Club, @sierraclub.org
XXII. The Business Council for Sustainable Energy, @bcse.org
XXIII. The Climate Group, @theclimategroup.org
XXIV. The People's Justice Council, @thepeoplesjusticecouncil.org
XXV. Third Generation Environmentalism, @E3G.org
XXVI. Union of Concerned Scientists, @ucsusa.org
XXVII. United Nations Foundation, @unfoundation.org
XXVIII. US Climate Action Network, @usclimatenetwork.org
XXIX. We Mean Business Coalition, @wemeanbuisnesscoalition.org
XXX. Western Organization of Resource Councils, @worc.org
XXXI. World Resources Institute, @wri.org

**The date range for search was expanded to January 20, 2021 [sic] to the date of the search to account for the complete date range for all custodians.**

27. The letter also stated that Treasury considered it "unclear what specific records [PPT was seeking] from Department of the Treasury" and requested that PPT provide additional information.

28. On September 26, 2023, PPT responded to Treasury, providing a list of the following search terms "to help facilitate the search process" for the Combined Request:

- Tax
- Taxes
- Taxation
- Tax forms
- Tax gap
- Tax returns
- Tax avoidance

29. On October 16, 2023, Treasury sent PPT an email stating that Treasury still needed "additional information" from PPT before it could begin processing the request." Attached to the email was another letter. The letter reflected that the terms of the Combined Request had been updated with the additional search terms PPT had provided TREAS on September 26, 2023. The letter stated that Treasury still considered it "unclear what <u>specific</u> records [PPT was seeking] from Department of the Treasury" (emphasis in the original). The letter contained no explanation for why Treasury considered the request unclear or why Treasury was unable to locate the records sought based on the terms PPT had already provided.

30. On October 31, 2023, PPT responded to Treasury, stating that it had provided Treasury all the parameters it should need to conduct a reasonable search for the sought communications records, including date range, subject matter, custodians, and names for external organization alongside their respective email domains.

31. On October 31, 2023, Treasury responded, stating that, though PPT had provided keywords, it had not provided "a specific subject matter or topic of interest" and that "[p]erforming a search using the keywords [PPT] provided would result in voluminous records which may not be responsive to [PPT's] request." Treasury requested that PPT "[p]lease provide an actual subject matter or topic of interest."

32. On December 5, 2023, PPT sent TREAS a further list of search terms to assist TREAS's search for records responsive to the Combined Request:

- Climate crisis
- Climate change
- COP26
- Greenhouse gas emissions
- Greenhouse Gas Reduction Fund
- 30 x 30
- Climate finance
- Coal financing

- Fossil fuel financing
- Investments in green initiatives in the Inflation Reduction Act
- Investments in green initiatives in the Infrastructure Investment and Jobs Act (Bipartisan Infrastructure Law)
- Investments in battery manufacturing in the Inflation Reduction Act
- Investments in battery manufacturing in the Infrastructure Investment and Jobs Act (Bipartisan infrastructure Law)
- Electric vehicles
- Offshore wind
- Oil and gas development
- Direct file
- Forced file
- Tax gap
- Inflation Reduction Act
- MITRE study
- Direct pay credit
- Refunds
- Equity/inequity
- Uncollected taxes
- Enforcement
- Fair share
- Improved information reporting

### IV.    Treasury Formally Acknowledges the Combined Request

33. On December 7, 2023, Treasury sent PPT an email formally acknowledging the Combined Request and reflecting that Treasury now considered PPT to have provided enough information to begin its search.  The email had an attached acknowledgment letter (Exhibit F) that reflected the operative terms of the Combined Request, which consisted of the terms stated in Treasury's September 15th letter and the search terms PPT provided Treasury on December 5th.

34. The letter stated that Treasury had initiated a search "within the Departmental Offices" for responsive records, but that "unusual circumstances exist" regarding the request that "may include the need to consult with multiple program offices, to review a voluminous quantity of records, or to search for records stored in multiple locations."

12

35. Since the December 7th letter, Treasury has been silent regarding the Combined Request. To date, Treasury has not provided a response to the Combined Request, an estimate for when it will do so, or any other communication regarding it.

**V.     Treasury Has Failed to Uphold Its FOIA Obligations**

36. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

37. The Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

38. Over a year has passed since PPT first submitted its requests and over 250 days have passed since Treasury acknowledged receipt of the Combined Request, yet Treasury still has not made a determination with respect to it. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). Treasury has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

39. Given these facts, Treasury has not met its statutory obligations to provide the requested records.

40. Through Treasury's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

a. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

b. PPT's Combined Request was a properly submitted request for records within the possession, custody, and control of Treasury.

c. Treasury is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d. Treasury is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

e. Treasury's failure to provide all non-exempt responsive records violates FOIA.

f. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Treasury to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant Treasury complies with the requirements of FOIA and any and all orders of this Court.

14

(2) Order Treasury to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award PPT's the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: August 23, 2024          Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

Jacob William Roth
D.D.C. Bar ID: 1673038
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

*Counsel for the Plaintiff*